## HERRIOTT v. KERSEY.

1. **Evidence:** BOOKS OF ACCOUNT. Where the entries in books of account were made by four persons, three of whom, as witnesses, gave the requisite statutory evidence in relation thereto, but the fourth did not testify, *held* that the books were properly admitted as to the entries made by the three who testified, but not as to those made by the other person.

2. **Practice on Appeal:** OBJECTIONS NOT POINTED OUT: REFERENCE TO ABSTRACT. It is the duty of counsel, when referring in argument to an error complained of, to direct the court to the page of the abstract where it is disclosed. Where this is not done, and the court, with reasonable diligence, is not able to find the error in the examination of a lengthy abstract, it must be concluded that no such error is apparent of record.

3. **Partnerships:** COMMON PARTNER: CONTRACT: RATIFICATION: RECOVERY: REMEDY. Plaintiff and D. were partners, and so, also, were D. and defendant. The first firm owned a building which it rented to the second firm, under a contract made between D. for the second firm, and plaintiff for the first one, to the effect that defendant should pay plaintiff one-half the rent of the building. This contract defendant ratified. *Held*—

   (1) That plaintiff might recover the half of the rent from defendant without an assignment from D.

(2) That defendant's ratification of the contract related back to the time when it was made.

(3) That plaintiff had no occasion to resort to a court of equity for relief.

*Appeal from Guthrie Circuit Court.*

TUESDAY, JUNE 15.

THE petition contains four counts, and the plaintiff seeks to recover rent under an express contract on an account for money received, and for the use and occupation of certain premises. There was a denial of the allegations of the petition and a counter-claim pleaded by the defendant. Trial by jury, judgment for plaintiff, and defendant appeals.

*H. E. Long* and *Chas. Haden,* for appellant.

*Adams & Sever* and *Applegate & Foster,* for appellee.

SEEVERS, J.—I. Certain books, purporting to be plaintiff's books of original entry, and identified as such, were introduced in evidence, and it is insisted that the books contained numerous charges, which were not made by either of the witnesses who testified in relation to the books. We understand that the entries were made by four persons, three of whom were witnesses and gave the requisite statutory evidence in relation thereto; and the court said, as to the entries made by the fourth person, Atkinson, that the books could not be introduced to prove the charges made by him. To our minds, it is perfectly clear that the point made by counsel is not well taken.

1. EVIDENCE: books of account.

II. It is said that the plaintiff, if he recovers at all, must recover on an express contract. No reason, whatever is stated in support of this position, and we are unable to conceive any reason why the plaintiff cannot recover the reasonable value of the use of the premises, if the evidence

Herriott v. Kersey.

justifies such a verdict. Therefore, evidence tending to show the value of such use was admissible.

III. Counsel insist that an entry in " Ledger C, 400, " was erroneously admitted in evidence. Possibly this is so, but we cannot correct the error, because the abstract fails to inform us what the entry was. The abstract contains ninety-five pages, and counsel have not seen proper to refer us to the page of the abstract where the evidence he objects to will be found. We have spent some time in looking over the abstract, which could have been saved if counsel had used ordinary care and industry in the preparation of his written argument. It is insisted that the court should have admitted in evidence Exhibit No. 4. This we are unable to find in the abstract, but we have found Exhibits Nos. 1, 2, 3, and 5. It is insisted that the court erred in permitting evidence to be introduced, showing the value of certain stock in an agricultural society. It may be the point is well taken, but we have been unable to find that any such evidence was introduced.

*2. PRACTICE on appeal: objections not pointed out: reference to abstract.*

4. The plaintiff and one Dosh owned the building for the occupation of which the plaintiff sought to recover. The defendant and Dosh occupied the building as partners, and it is insisted that the plaintiff cannot recover, because no assignment from Dosh to the plaintiff has been shown. This does not necessarily follow, for the reason that the plaintiff claims that the defendant was to pay him one-half of the value of the use of the building occupied by Dosh and the defendant; the claim of the plaintiff being that such was the understanding and agreement of the parties. It was a question for the jury to determine, under the instructions of the court, whether the theory of the plaintiff was correct. If the jury so found, he was clearly entitled to recover, although there was no assignment from Dosh.

*3. PARTNERSHIP: common partner: contract: ratification: recovery: remedy.*

The contract as to the rent of the building was made by

Dosh, and not by the defendant, and there was some evidence tending to show that the firm of Dosh & Herriott occupied the premises under the contract. The jury found specially that the defendant had ratified the contract made by Dosh. The appellant complains that the court should have instructed the jury that the plaintiff could not recover, because the defendant had not made the contract in the first instance. We think the court did not err in this respect, for the reason that the ratification related back, and, in legal effect, the defendant made the contract.

In this connection one other point made by the defendant should be mentioned. He claims that the plaintiff cannot recover in this action because Dosh was a member of both firms, and therefore the only action that could be brought on a contract made by one firm with the other must be brought in equity. Conceding this to be the rule, it has no application to this case, simply because the plaintiff does not seek to recover on such a contract. He does not claim that Dosh was bound by the contract. The plaintiff, therefore, can maintain this action, and recover, if he has established the required facts.

Objections are made to some of the instructions, and that under the special findings the judgment should have been for the defendant. We do not think there was any error committed by the court in either respect. We may not have referred to all the points suggested by counsel for the appellant, but we have to those deemed the most important, and the result is that the judgment of the district court must be

AFFIRMED.